HENRY WINCHELL, Appellant, *v.* STEPHEN WINCHELL et al., Respondents.

In an action to compel the specific performance of a parol agreement for the sale of lands, plaintiff's testimony was to the effect that in 1859 defendant agreed to sell him sixteen acres of land for a price stated, a portion of which was paid by plaintiff at the time, and he agreed to pay the balance when defendant gave him a deed. Plaintiff went into possession, made improvements, and the land was assessed to him by defendant's direction. In 1875 it was agreed between the parties that plaintiff should surrender six acres of the land in satisfaction of the balance of the purchase-money. Defendant, as a witness in his own behalf, while substantially admitting the agreement, denied that he had ever received any payment. On cross-examination he denied that he had told G., who had tendered to him a deed for execution on behalf of plaintiff, at the time of such tender, that plaintiff had paid him for the land. G. was called as a witness by plaintiff, and asked if defendant had not so stated to him. A general objection was interposed. Plaintiff's counsel stated the testimony was offered by way of contradiction; the objection was sustained. *Held* error; that the question as to the payment of the purchase-money was material, as if plaintiff's version was true, it, with the other circumstances, made out a case for the relief sought; that plaintiff was not barred from demanding such relief by the fact that defendant had in some manner, without plaintiff's consent, regained possession; that assuming the court had discretionary power to reject the testimony as evidence in chief, because not offered before plaintiff rested, it was competent in rebuttal to contradict defendant.

*Haight* v. *Child* (34 Barb. 186), distinguished.

The exclusion of the evidence was sought to be sustained here on the ground that plaintiff's right to relief was barred by the statute of limitations. *Held*, that as the decision below did not rest upon this ground, to make it the foundation for excluding legitimate testimony it should be decisively established, and plaintiff was entitled to the most favorable construction of the evidence, and as there was evidence to the effect that the first refusal of defendant to deliver a deed was within six years of the commencement of the action, the point was not tenable.

(Argued June 24, 1885; decided October 6, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 14, 1883, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*Louis Marshall* for appellant. The defendant having upon cross-examination denied that he had admitted to Mr. Green-field that the purchase-price or a part thereof had been paid to him by the plaintiff, plaintiff had a right in rebuttal to contradict him upon this point, and a refusal of the court to permit such contradiction was error. (Stephens on Ev., art. 131; *Gilbert* v. *Sage*, 5 Lans. 287; *Brigg* v. *Wheeler*, 16 Hun, 583; *Height* v. *People*, 50 N. Y. 392; *Schell* v. *Plumb*, 55 id. 592; *Stape* v. *People*, 85 id. 390; *Weeks* v. *Fox*, 3 T. & C. 357; *Crowley* v. *Paige*, 7 C. & P. 789.) The burden of showing that no injury could result from an erroneous ruling rests upon the party in whose favor such ruling was made and, therefore, a view of the evidence should be taken which is most favorable to the plaintiff. There is a presumption of harm where there is error. (*Foote* v. *Beecher*, 78 N. Y. 155; *Ray* v. *Smith*, 2 Hun, 597; *Baird* v. *Daly*, 68 N. Y. 547.) To permit the defendant, under the circumstances, to allege the invalidity of the contract on the ground that it was not reduced to writing, and to refuse to perform it according to its conceded terms, would be a judicial indorsement of a fraud, and would make the statute, intended to prevent the perpetration of fraud, a powerful instrument in aiding its consummation. (*Taylor* v. *Luther*, 2 Sumn. 232; Hill. on Trustees, 52; *Freeman* v. *Freeman*, 43 N. Y. 34; *Parkhurst* v. *Van Courtland*, 14 Johns. 15.) When a contract for the purchase of land has been entered into, which is void by the statute of frauds, but which has been in part performed by one of the parties, who has altered his position to his disadvantage in consequence of such contract, and who, in case it should not

be enforced, would have no adequate remedy, a court of equity will specifically enforce it. (*Malins* v. *Brown*, 4 N. Y. 403; *Freeman* v. *Freeman*, 43 id. 34; *Miller* v. *Ball*, 64 id. 286; *Parkhurst* v. *Van Courtland*, 14 Johns. 15; *Lowrie* v. *Tew*, 3 Barb. Ch. 407; *Bigelow* v. *Armes*, 108 U. S. 10.) Various acts conjoined have been deemed sufficient by the authorities to justify equitable interference, although none of them singly might be sufficient for that purpose. (*Parkhurst* v. *Van Courtland*, 14 Johns. 15; *Lowrie* v. *Tew*, 3 Barb. Ch. 407; *Malins* v. *Brown*, 4 N. Y. 403; *Freeman* v. *Freeman*, 43 id. 54; *Favill* v. *Roberts*, 50 id. 532; *Miller* v. *Ball*, 64 id. 20; *Wetmore* v. *White*, 2 Caine's Cas. 109.)

*M. M. Waters* for respondents. The contract alleged in the complaint, proved by the evidence and found by the referee is one for the sale of an interest in land, and absolutely void by the statute. (2 R. S. 135, § 8; *Cagger* v. *Lansing*, 43 N. Y. 550.) The equitable cause of action accrued at the making of the contract before demand (*Bruce* v. *Tilson*, 25 N. Y. 194), April 1, 1859, and the action was not commenced until June 27, 1879, more that twenty years after the cause of action accrued. The ten years statute of limitations applies. (*Peters* v. *Delaplaine*, 49 N. Y. 362; Girard's Tit. to Real Estate, 483.) No court of equity would or should ever enforce specifically such a contract after such a delay under the circumstances of the case, independently of the statute of limitations. (*Bruce* v. *Tilson*, 25 N. Y. 202.) The parol performance in this case is not one which brings the contract within the class of cases in which the court will compel specific performance, the rule being that the court will compel specific performance in such as would operate as a fraud upon the plaintiff, causing him irreparable injury unless the specific performance be enforced. (Story's Eq. Jur. § 759.)

Rapallo, J. The appellant claims that the judgment in this action should be reversed for error in the exclusion of evidence offered on the trial.

The action was brought to compel specific performance of a verbal contract for the sale and conveyance of land, the plaintiff, who is the father of the defendant, claiming that there had been such a part performance of the contract as to entitle him to relief in equity. He testified, among other things, to the payment of the purchase-money by him to the defendant, and the defendant, on his direct examination as a witness in his own behalf, while substantially admitting the making of the verbal contract, denied that he had ever received any payment upon it. On his cross-examination he denied that he had ever told any person, at any time, that his father had paid him for the land or any part of it. He was then asked whether he had not told Mr. Greenfield so at the time he tendered a deed of the land for execution by the defendant, and he answered the question in the negative. The plaintiff afterward called Mr. Greenfield and asked him whether, at the time the deed was presented by him to the defendant, he said that the plaintiff had paid him any thing, and if so, what? A general objection to this question was sustained by the court. The plaintiff's counsel then stated that the evidence was offered by way of contradiction of the defendant, but the court excluded it. Exceptions were duly taken to these rulings. The trial judge found that the verbal contract was made as alleged in the complaint, but stated in his findings that it was not established to his satisfaction that any part of the purchase-price was ever paid, and he dismissed the complaint.

No ground of objection to the evidence offered was specified at the trial, and upon what ground it was excluded, does not appear in the case. As the testimony stood before the trial judge, it seems to us that the question whether or not the plaintiff had paid to his son the purchase-price of the land was a very material issue. The evidence on the part of the plaintiff showed that in the spring of 1859 the defendant verbally agreed with the plaintiff to sell to him sixteen acres of swamp land, embracing the ten acres now in controversy, at the price of $20 per acre; that plaintiff paid defendant at the time, $207 in cash, and agreed to pay him the balance,

$113, when defendant should give him a deed. Plaintiff afterward went into possession, and in 1861 put down posts and fenced in the lot with boards, cut and carried away the timber, cleared the lot and pastured his cattle thereon. By direction of defendant to the assessor the lot was assessed to plaintiff in 1859, and for sixteen years thereafter plaintiff paid the taxes thereon. In or about 1875, according to the plaintiff's testimony, by agreement between him and defendant, a ditch was built crossing the sixteen acres so as to leave ten acres on the north side and six acres on the south side of the ditch, and it was mutually agreed between them that the plaintiff would surrender the six acres on the south side in satisfaction of the balance of $113, still remaining due to the defendant for the contract-price of the sixteen acres, and that this ditch should be the division line between them, and the expense of digging this ditch was shared between plaintiff and defendant. These facts were corroborated by the testimony of the men who dug the ditch.

If this testimony was true, it showed a part performance of the verbal contract of sale and purchase, which entitled the plaintiff to equitable relief, notwithstanding the provisions of the statute of frauds. The payment of the purchase-money was not of itself sufficient; but coupled with possession by consent of the vendor, putting improvements on the land, and the payment of taxes for many years, a strong case was made out for the application for the equitable rule as to part performance.

On these points the case of *Miller* v. *Ball* (64 N. Y. 286), is a direct authority. There can be no doubt that the payment of the purchase-money was an important element to be considered in determining the equities of the plaintiff, nor can it be questioned that the admissions of the defendant were competent evidence in chief to prove such payment.

The objection that the evidence was offered at too late a stage of the trial to entitle the plaintiff, as matter of right, to introduce it was not made, and the court did not place its rejection on the ground that its admission was matter of dis-

cretion. But assuming that such discretionary power may now be set up, the evidence was clearly admissible in rebuttal for the purpose of contradicting the testimony of the defendant to the effect that no payment had been made, and impeaching his credibility.

The General Term in its opinion conceded that the evidence was competent for the purpose of contradicting the defendant, but sustained the judgment on the ground that its exclusion was harmless, inasmuch as the plaintiff would not have been entitled to a decree, even if he had paid the whole purchase-price.

The court held that though the circumstances shown, if accompanied by full payment of the purchase-money, would have been sufficient to take the case out of the statute, provided the plaintiff had continued in possession, yet that it was proved and found that the possession was in the defendant before suit and at the time the suit was begun. That in what way he gained possession did not appear, and, therefore, the presumption was that his possession was rightful and with the consent of the vendee, and on that assumption the rejected evidence would not have tended to make out a case for specific performance, and as authority for this proposition the learned court cites the case of *Haight* v. *Child,* (34 Barb. 186). That was an action by the vendor against the vendee to compel the specific performance of a verbal agreement to purchase land. The contract, as set up in the complaint, was denied and a different contract was set up in the answer, and in respect to the point now under consideration it was held that the taking of possession by the defendant was not a basis for a specific performance, because the possession had been surrendered by the defendant and received by the plaintiff before the commencement of the action.

No such facts appeared in the case now before us, nor is there any thing in the circumstances to justify the presumption that the defendant obtained possession with the consent of the plaintiff. On the contrary, the plaintiff appears to have continued to exercise acts of ownership for many years and to have

several times demanded of the defendant a deed of the premises, and the plaintiff testified upon the trial that after the ditch was built, his son returned to the possession of the six acres, but that he, plaintiff, had never given up possession of the ten acres, and that the first time the defendant refused to give him a deed of the ten acres was about five years before the trial, which took place in 1880, this action having been commenced in June, 1879. Upon this state of the evidence, it could not properly be assumed that the plaintiff had voluntarily surrendered the possession, and such an assumption could not be made the foundation of a ruling by which competent evidence was excluded. The admissibility of the evidence offered depended upon its bearing upon the issues on trial at the time, and not upon the conclusions of facts subsequently reached by the court. If such a part performance had been shown, as, coupled with the payment of the purchase-money, would have entitled the plaintiff to relief, he was not barred from demanding such relief by the fact that before the commencement of the action the defendant had in some unexplained manner obtained possession of the land in controversy.

On the argument in this court the exclusion of the evidence was sought to be sustained, on the ground that the plaintiff's right to relief was barred by the statute of limitations.

On this question, the plaintiff is entitled to the most favorable construction of which the evidence, on his part, will admit. Neither the judgment nor the opinion of the General Term rested on this ground, and, to make it the foundation of excluding legitimate evidence, it should be established in the most decisive manner. If that had been the issue determined, the plaintiff would have been entitled to have the facts passed upon as proved and attempted to be proved by him, and there was testimony on his part tending to show that, by the original agreement of sale in 1859, the deed was to be delivered when the balance of the purchase-money, $113, should be paid; that the plaintiff continued in possession till somewhere about 1875, when the ditch was built, and the original agreement was then modified by the defendant agreeing to accept the surrender of

the six acres in payment of the balance then owing of the purchase-price, and that it was not until after that, and within six years before the commencement of the action, that the defendant first refused to deliver a deed, and caused the property to be reassessed to himself. Of course, these facts depend upon the credibility of the witnesses respectively, as to which there was a controversy on the trial, but that question cannot be determined for the purpose of judging of the correctness of a ruling as to the admission of evidence.

The judgment should be reversed and a new trial ordered costs to abide the event.

All concur.

Judgment reversed.