FRITZ A. ANKERSMIT et al., Appellants, *v.* SIMON TUCH, as Assignee, etc., Impleaded, etc., Respondent.

In an action to recover possession of certain goods alleged to have been purchased by M., defendants' assignor, of plaintiffs by means of false and fraudulent representations and with the intent not to pay therefor, plaintiff gave evidence tending to show the making of the false representations charged and that the sale was induced thereby. M., as a witness for defendant, testified that he had never made any such representations. Upon cross-examination he was asked if he had not made representations, similar to those charged, to other persons named, of whom he had purchased goods at about the same time as the purchase in question; this he denied. *Held*, that it was competent for plaintiff to prove by the persons named that M. did make such representations to them at the time of the purchases, and that the exclusion of the testimony was error; that the testimony was not only competent as evidence in chief, but was admissible for the purpose of contradicting M.'s testimony and impeaching his credibility, and it was not discretionary with the court to exclude it.

A party has the right to impeach or discredit the testimony of his opponent; such evidence is always competent. He may also contradict a witness against him as to any matters upon which the witness has given evidence in chief, provided it is not collateral to the issue.

If the testimony sought to be contradicted has reference to statements made to others, the attention of the witness should first be called to the time, place and person to whom the statement is claimed to have been made, and if denied, such person may then be called to contradict him.

Reversed *sub nomine Ankersmit* v. *Bluxome* (48 Hun, 1).

(Argued March 13, 1889; decided March 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 28, 1888, which affirmed a judgment in favor of defendant, entered on a verdict and an order denying a new trial.

The nature of the action and the material facts are stated in the opinion.

*Frederick P. Forster* for appellants. Evidence impeaching Moeller's credibility was erroneously excluded. (*Winchell* v. *Winchell*, 100 N. Y. 159, 162, 164; *Romertze* v. *E. R. Nat. Bk.*, 49 id. 577; *People* v. *Schuyler*, 106 id. 308; *Homer* v.

*Everett,* 91 id. 643, 644; *Sitterly* v. *Gregg,* 90 id. 687, 688; *Sparrowhawk* v. *Sparrowhawk,* 73 id. 591; *Schell* v. *Plumb,* 55 id. 599; *Sloan* v. *N. Y. C.,* etc., 45 id. 127; *Rockwell* v. *Brown,* 36 id. 210, 211; *Chapman* v. *Brooks,* 31 id. 86, 87; *Wright* v. *Nostrand,* 94 id. 41; *Stape* v. *People,* 85 id. 393, 394; *Foster* v. *Newbrough,* 58 id. 481; *Patchin* v. *Astor M. Ins. Co.,* 13 id. 268.) For the purpose of impeaching Moeller the evidence was not competent in chief; it could only be offered at the time it was. (*Gaffney* v. *People,* 50 N. Y. 423; *Hart* v. *H. R. B. Co.,* 84 id. 60; *Romertze* v. *E. R. Nat. Bk.,* 49 id. 577; *Pendleton* v. *Empire Stone D. Co.,* 19 id. 13; *Stacy* v. *Graham,* 14 id. 492; *Sloan* v. *N. Y. C.,* etc., 45 id. 127; *Hubbard* v. *Briggs,* 31 id. 536; *Newcomb* v. *Griswold,* 24 id. 301.) The fact that Moeller was the assignor of Tuch makes no difference, as a party must be impeached in the same manner as any other witness. (*Varona* v. *Socarras,* 8 Abb. Pr. 302; *Winchell* v. *Winchell,* 100 N. Y. 159.) The impeaching evidence was not collateral. (*Kinner* v. *D. & H. C. Co.,* 52 Super. Ct. 162; *Winchell* v. *Winchell,* 100 N. Y. 159, 164; *Foster* v. *Newbrough,* 58 id. 481; Hillard on. Rem. for Torts, 475; *Butler* **v.** *Collins,* 12 Cal. 457; *Hubbard* v. *Briggs,* 31 N. Y. 538.) Fraud and intent not to pay for the tobacco was established as a matter of law. (*People* v. *Cook,* 8 N. Y. 75; *Lomer* v. *Meeker,* 25 id. 362.) Moeller was bound to disclose his insolvency to Duys, and his omission to do so was fraudulent as a matter of law. (*Durall* v. *Haley,* 1 Paige, 493; *Chapman* v. *Lathrop,* 6 Cow. 117, 118; *Wright* v. *Brown,* 67 N. Y. 1, 5; *Donaldson* v. *Farwell,* 93 U. S. 633; *Van Neste* v. *Conover,* 20 Barb. 547; *Carpenter* v. *Roe,* 10 N. Y. 227; *Reade* v. *Livingston,* 3 Johns. Ch. 481; *Bayard* v. *Hoffman,* 4 id. 450; *People* v. *Briggs,* 47 Hun, 268; *Harris* v. *White,* 81 N. Y. 547, 548; *Wylde* v. *R. R. Co.,* 53 id. 164; *Phelps* v. *Dorland,* 103 id. 913; *Sutter* v. *Van Derveer,* 47 Hun, 367. The defendant by moving to dismiss the complaint and not asking to go to the jury waived the right to go to the jury. (*Muller* v. *McKesson,* 73 N. Y. 198; *O'Neil* v *James,* 43 id. 85; *Provost* v. *McEnroe,* 102 id. 650; *Fargo*

v. *Milburn*, 100 id. 96 ; *Herendeen* v. *De Witt*, 49 Hun, 54.) There was, therefore, a question of law for the court to decide. It is error to submit a question of law to the jury. (*Brady* v. *Cassidy*, 104 N. Y. 155 ; *Dwight* v. *Ins. Co.*, 103 id. 350 ; *Glacius* v. *Black*, 67 N. Y. 568.) The direction of a verdict is a matter of absolute right. (*Tooker* v. *Arnoux*, 76 N. Y. 397.)

*Alfred P. W. Seaman* and *E. E. West* for respondent. A party is bound to exhaust all his testimony in support of his issue, and to introduce all his evidence before he closes. (*Hastings* v. *Palmer*, 20 Wend. 225 ; *Ford* v. *Niles*, 1 Hill, 301 ; *Rex* v. *Stimpson*, 2 Carr & P. 415 ; *Silverman* v. *Free-man*, 3 E. D. Smith, 322 ; *Marshall* v. *Davies*, 78 N. Y. 420.) The evidence was admissible on plaintiffs' case, as a matter of right, but its admission in rebuttal was in the " discretion of the court, from the exercise of which discretion no appeal lies." (*Marshall* v. *Davies*, 78 N. Y. 420.) The testimony was properly excluded because it was not admissible to impeach defendant's witness. (*Carpenter* v. *Ward*, 30 N. Y. 243 ; *Stokes* v. *People*, 53 id. 165 ; *People* v. *Ware*, 17 Week. Dig. 115 ; 72 N. Y. 653 ; *People* v. *Cox*, 21 Hun, 47 ; 83 N. Y. 610 ; *Atty.-Gen.* v. *Hitchcock*, 1 Exch. 91.) Plaintiffs neglected to produce evidence of contemporaneous representa-tions before they rested, when competent, and when they attempted to prove them on cross-examination of defendant's witness they made the witness their own for that purpose, and being disappointed in the result, they should not be per-mitted to impeach the testimony they themselves brought out. (*People* v. *Cox*, 21 Hun, 47 ; *Pollock* v. *Pollock*, 71 N. Y. 137 ; *Thompson* v. *Blanchard*, 4 id. 303 ; 5 Denio, 112 ; *Nicholas* v. *White*, 85 N. Y. 531.) The jury are the sole judges of the facts, and their verdict will not be disturbed unless it is so clearly against the weight of evidence as to indicate passion, prejudice, mistake or corruption, or unless the verdict is so against a striking preponderance of evidence that a common exercise of judgment demands its reversal. (*Morss* v. *Sherrill*, 63 Barb. 21 ; *Roosa* v. *Smith*, 17 Hun,

138; *Gray* v. *Railroad Co.*, 48 Super. Ct. [J. & S.] 121; *Gesheidt* v. *Quirk*, 5 Civ. Pro. R. [Browne] 38; *Beckwith* v. *R. R. Co.*, 64 Barb. 229; *Godfrey* v. *Moser*, 66 N. Y. 250.)

HAIGHT, J. This action was brought to recover the possession of eight bales of Sumatra tobacco purchased by the defendant's assignor, as is alleged, by means of false and fraudulent representations as to his solvency, and with the intent not to pay therefor. Upon the trial the plaintiffs gave evidence tending to show that, before making the sale of the goods in question, the defendant's assignor represented and stated that he was solvent and worth $20,000; that his wife had $10,000, which was in the stock at the risk of the business. After the plaintiffs had rested, the defendant's assignor was sworn as a witness for the defendant, and denied that he had made any such representations. Upon the cross-examination he was asked if he had not purchased goods at about that time of various individuals, among whom were Schrœder & Bon, and he testified that he had, but at the time of such purchase in August or September, 1885, Bon did not make any inquiry of him as to his financial condition, and that he did not say to Bon that he was solvent and worth $20,000, and did not state to him that he had $10,000 in his business from his wife, which was at the risk of the business. After he had rested, the plaintiffs called Bon as a witness, who testified that he sold the goods to the defendant's assignor in August or September, 1885, and that, at the time he made a statement as to his condition. The witness was then asked " Did he state to you that he was solvent; that he was worth $12,000, and that the $10,000 which he got from his wife was at the risk of the business?" This was objected to as immaterial, incompetent and not in rebuttal. The evidence was excluded and an exception taken by the plaintiffs.

The court at General Term held that the statement made to Bon and others was competent as evidence in chief, and that the plaintiffs, having rested without introducing it, left its subsequent admission discretionary with the trial court, and,

consequently, that the exception to its exclusion was not well taken. It is doubtless true that the evidence was competent and could have been introduced by the plaintiffs as a part of their affirmative case for the purpose of showing an intent to cheat and defraud, and that their neglect to introduce it at that time deprives them of the right to make use of it as affirmative evidence. But a party has the right to impeach or discredit the testimony of an opponent, and such evidence is always competent. He may contradict the testimony of a witness as to any matters upon which he has been called to give evidence in chief, provided it is not collateral to the issue; if it has reference to statements made to others, his attention should first be called to the time, place and person to whom the statement is claimed to have been made, and if denied, such person may then be called to contradict him, thus discrediting his testimony as a witness. This is what the plaintiffs attempted to do, and we do not understand that it was discretionary with the trial court to exclude it.

In the case of *Winchell* v. *Winchell* (100 N. Y. 159), the action was to compel a specific performance of a verbal contract for the sale of land. The plaintiff, who was the father of the defendant, claiming that there had been such a part performance of the contract as to entitle him to relief in equity. He testified, among other things, to the payment of the purchase-money. The defendant, on his direct-examination as a witness in his own behalf, denied that he had ever received any payment upon the contract. On his cross-examination he denied that he had told any person, at any time, that his father had paid him for the land or any part of it. He was then asked whether he had not told Mr. Greenfield so at the time he tendered a deed of the land for execution by the defendant, and he answered the question in the negative. RAPALLO, J., in delivering the opinion of the court, says: "The objection that the evidence offered, at too late a stage of the trial to entitle the plaintiffs as matter of right, to introduce it, was not made and the court did not place its rejection on the ground that its admission was a matter of discretion. But, assuming that

such discretionary power may now be set up, the evidence was clearly admissible in rebuttal for the purpose of contradicting the testimony of the defendant, to the effect that no payment had been made and impeaching his credibility." It appears to us that this case is controlling upon the question under consideration, and that the plaintiffs are, consequently, entitled to have the evidence, which was excluded, considered by the jury.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.