DETERMINED IN THE

# FIFTH DEPARTMENT

AT

## GENERAL TERM,

## 𝕸𝖆𝖗𝖈𝖍, 1894.*

---

HARRIET COOPER and Others, Respondents, *v.* CAROLINE MONROE
and Another, Appellants.

*Specific performance of a parol contract for the sale of real estate — action of eject-
ment — equitable defense — duty of children to take care of their parents — a hus-
band's interest in his wife's real estate does not disqualify him under section 829 of
the Code of Civil Procedure.*

The payment of the consideration to the vendor, and the delivery by him of pos-
session of the premises to the vendee, may in some cases, and not in others, be
sufficient performance of a contract of sale of real estate to enable the pur-
chaser to invoke the power of a court of equity to decree specific perform-
ance, but where the vendee in taking possession of the premises has done any
act for which he could not be fully compensated in an action at law, he is enti-
tled to have specific performance of the contract.

Ordinarily the payment of the consideration, in whole or in part, could be recovered
back in an action at law, but in case the vendor has in the meantime become
insolvent, or if the Statute of Limitations has run against the vendee's claim,
and the vendee cannot be restored to the same situation that he was in before
the agreement, or when he has made improvements and paid taxes in reliance
on the parol agreement, equity has power to compel specific performance.

If the facts are such that equity can afford relief to the defendant in an action
of ejectment, he may avail himself of the same as an equitable defense thereto.

It is the duty of children to take care of their aged and indigent parents.

A husband has not such an interest in the real property of his wife as will dis-
qualify him under section 829 of the Code of Civil Procedure from testifying
as a witness in her behalf in regard to the same.

---

* The other decisions of this term will be found in 76 Hun.— [REP.

To be disqualified from testifying, a person must have a present, certain and vested interest in the real estate in controversy, and not an interest remote, uncertain or contingent.

APPEAL by the defendants, Caroline Monroe and another, from an order of the Supreme Court, made at the Chautauqua Circuit and entered in the office of the clerk of the county of Chautauqua on the 2d day of September, 1893, granting the plaintiffs' motion for a new trial made upon the minutes.

*S. W. Mason*, for the appellant Caroline Monroe.

*A. B. Ottoway*, for the appellant Simon Monroe.

*H. C. Kingsbury*, for the respondents.

HAIGHT, J. :

This action is in ejectment to recover the possession of a house and lot of the value of about $450, in the village of Westfield, known as " The Exchange." Henry Walker was the owner of the premises in question. The plaintiffs claim title as devisees under the last will and testament of Walker, which has been duly proved and admitted to probate. The appellant Caroline Monroe claims to be the equitable owner and entitled to retain the possession of the premises ; the defendant Simon Monroe is her husband. Henry Walker and Caroline Monroe were brother and sister. The evidence produced upon the trial on the part of the defendants tends to show that in the year 1868 Walker and the defendant Caroline had a mother who was aged and sick ; that Walker then told Caroline that if she would take their mother home with her and take care of her that he would pay her well for it ; that she thereupon took her mother to her house and cared for her until the time of her death, which was in the year 1874. In May, 1889, the defendants were living in the city of Buffalo, and Walker then agreed with the defendant Caroline to give her the house and lot in question for a home, in payment for what he owed her for taking care of his mother, and wanted her to remove from Buffalo to Westfield, take possession of the house and lot and occupy it as her home ; that in June following she did so and has so continued to occupy the same ever since. In May, 1890, Walker executed his last will and testament, in which he first directed the payment of his debts, and

then gave, devised and bequeathed " all the rest, residue and remainder of my estate, both real and personal, to my sister Harriet P. Cooper and my nieces Mrs. Lucy Edes and Sarah Cooper, share and share alike."

In June following he suddenly died from an injury received.

The only evidence offered on behalf of the plaintiffs, aside from the records, was to the effect that Walker had in his lifetime kept the property insured in his own name. The case was submitted to the jury and the verdict was in favor of the defendants.

The trial court ordered a new trial upon the ground that the evidence was not sufficient to sustain the verdict. The reasons stated in the opinion written by the court are as follows: " To free the case from the operation of the statute it must appear that the purchaser expended money or made improvements which he would not have done except in reliance upon performance by the seller and to recover for which he is remediless. The payment of the consideration and the simple act of taking possession has been held not to be such a part performance of the contract upon the part of the purchaser as to invoke the power of the equity side of the court to decree specific performance." (Citing *Lowry* v. *Tew*, 3 Barb. Ch. 407 ; *Malins* v. *Brown*, 4 N. Y. 403–410 ; *Freeman* v. *Freeman*, 43 id. 34 ; *Miller* v. *Ball*, 64 id. 286 ; *Hutchins* v. *Hutchins*, 98 id. 56–66 ; *Haight* v. *Child*, 34 Barb. 189 ; *Winchell* v. *Winchell*, 100 N. Y. 159.)

We do not understand these cases as they appear to be understood by the trial court. In none of them was this question presented for determination. In *Malins* v. *Brown* (*supra*) the judge writing the opinion says that, " Payment of the purchase money and being let into possession are sufficient " (citing the case of *Dugan* v. *Gittings*, 3 Gill. 138–157), and the same expression was used by this court in the case of *Devinney* v. *Corey* (23 N. Y. St. Repr. 308–310).

Several of the elementary writers and some of the decisions of the courts in other States appear to support these expressions. Our view of the question is that the payment of the consideration to the vendor and the delivery of the possession by him to the vendee may in some cases, and in others not, be sufficient performance of the contract to enable the purchaser to invoke the power of a court of

equity to decree specific performance. In *Lowry* v. *Tew* (*supra*) the chancellor says: "The principle upon which courts of equity hold that a part performance of a parol agreement is sufficient to take the case out of the Statute of Frauds, is that a party who has permitted another to perform acts on the faith of an agreement shall not be allowed to insist that the agreement is invalid, because it was not in writing. * * * In other words, upon the ground of fraud in refusing to execute the parol agreement after a part performance thereof by the other party, and where he cannot be placed in the same situation that he was in before such part performance by him. Taking possession under a parol agreement and in compliance with the provisions of such agreement, accompanied with other acts which cannot be recalled so as to place the party taking possession in the same situation that he was in before, has always been held to take such agreement out of the operation of the Statute of Frauds."

The question is, therefore, as to whether the vendee, in taking possession of the premises, has done any act for which he cannot be fully compensated in an action at law. If he has expended money in placing permanent improvements upon the premises, or paid the taxes thereon, he could not recover therefor in an action at law, and to deprive him of the premises would be a fraud upon him, where the improvements were made and the taxes paid upon the reliance of the parol agreement of the vendor to convey the lands to him. Ordinarily, the payment of the consideration, in whole or in part, could be recovered back in an action at law, but in case the vendor had in the meantime become insolvent, or if the Statute of Limitations had run against the plaintiff's claim, the vendee could not be restored to the same situation which he was in before the agreement, and to restore the premises to the vendor under such circumstances would operate to defraud the vendee of the money which he had paid thereon. In such case we think equity would have power to compel specific performance, and that this view is in accord with the general doctrine of the cases referred to. (*Kenyon* v. *Youlan*, 25 N. Y. St. Repr. 299.)

Again referring to the facts of this case, we find that Walker gave the premises to the defendant Caroline in payment for what he owed her in taking care of his mother. This was a legal obliga-

tion. He had agreed to pay her in case she would take his mother and take care of her. She performed on her part. It is the duty of children to take care of their aged and indigent parents. Walker, in promising to pay for the care of his mother, was but performing a duty which rested upon him. The defendant Caroline accepted the premises as payment upon such indebtedness. The services were rendered in 1874, nearly twenty years ago, and the inference is that the Statute of Limitations has now run against the claim. So that if she is now deprived of the premises she must loose her claim for services rendered. It may be said that the Statute of Limitations had run when the agreement was made. Whether it had or not we are unable to determine from the evidence presented. No claim of that character appears to have been made upon the trial, and if there had been we think it would have made no difference, for Walker had the right to waive the statute and recognize his obligation to pay, and this he appears to have done by the agreement in question. It is, therefore, apparent that if she now be deprived of the premises she will lose her claim for services. This would be a fraud upon her which equity has the power to prevent.

If the facts are such that equity would afford her relief, she may avail herself of them as an equitable defense to this action. (*Cavalli* v. *Allen*, 57 N. Y. 508.)

An exception was taken to the evidence of Simon Monroe as to conversations had with Walker in reference to the conveyance of the premises in question to the defendant Caroline. It was claimed that he had such an interest as would disqualify him under section 829 of the Code; that he might become entitled to a life estate as tenant by curtesy. This question was fully considered by this court in *The Matter of Clark* (40 Hun, 233–237), and the conclusion was then reached that the husband did not have such an interest in the real property of his wife as to disqualify him from being a witness. A different conclusion appears to have been reached by this court in the case of *Devinney* v. *Corey* (*supra*), but the question does not there appear to have been fully considered, or the attention of the court called to the former decision.

Children may become heirs at law of their parents, and as such entitled to the real property of which the parents may die seized, but during the lifetime of the parents the children are not vested

with any interest in the real estate, and are consequently not disqualified under the provisions of the Code from testifying, and the same, we think, may be said in reference to a husband. He has no present interest. The wife may convey or devise by will, and thus deprive him of any estate which he otherwise might have had upon her death. In order to be disqualified under the Code, the witness must have a present, certain and vested interest, not an interest remote, uncertain or contingent. (*Hobart* v. *Hobart*, 62 N. Y. 80; *Nearpass* v. *Gilman*, 104 id. 507; *Wallace* v. *Straus*, 113 id. 238–241; see, also, *Whitman* v. *Foley*, 125 id. 651–659.)

The order appealed from should be reversed, and judgment ordered for the defendants upon the verdict.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Order appealed from reversed, and judgment ordered for the defendant upon the verdict.