(63 Misc. Rep. 346.)

### CROWLEY v. SEE.

(Supreme Court, Appellate Term. May 27, 1909.)

1. BILLS AND NOTES (§ 503*)—ACTIONS—CONSIDERATION—EVIDENCE ON REBUTTAL.

Plaintiff in an action on a note having apparently, in spite of his testimony as to a loan, relied for his proof of consideration on the presumption thereof, should, on rebuttal, defendant's testimony affirmatively showing a failure of consideration, be allowed to introduce the testimony of a witness to a loan having been made, both because all testimony of consideration is part of his case in rebuttal, and because it directly contradicts and impeaches defendant.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 503.*]

2. EVIDENCE (§ 200*)—ADMISSIONS.

Plaintiff's evidence as to admissions of defendant out of court, offered not only to impeach defendant's credibility, but to affirmatively establish his own case, should be admitted.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 200.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Michael Crowley against Horace See. From a judgment on a verdict for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

George E. Quigley, for appellant.

W. J. Lippman, for respondent.

LEHMAN, J. The plaintiff has brought an action upon a promissory note. The defense interposed was a failure of consideration. The plaintiff at the opening took the stand, and testified that on the 31st day of December, 1907, he loaned the defendant $2,500 in cash, and received in return five promissory notes. The note was then received in evidence. On cross-examination the defendant asked him further questions as to the alleged loan, and the plaintiff testified fully upon the question, and also stated that his secretary, Miss Ryan, was present during the transaction. The defendant then put in his case, which, if believed, would show that no consideration was ever given, and that he was the innocent victim of a fraudulent scheme.

The trial justice and the jury have evidently believed his testimony; but judgment must be reversed, because it appears from the record that the plaintiff did not have an opportunity to put in all his evidence. It appears to me that, in spite of his testimony as to a loan, he was relying for his proof of consideration upon the presumption that the negotiable instrument was given for a valid consideration. The defendant's testimony affirmatively showed a failure of consideration, and the plaintiff should have been allowed to present the testimony of Miss Ryan in answer thereto, both upon the ground that all testimony of consideration was part of his case in rebuttal, and because it directly contradicted and impeached the defendant. Ankersmit v. Tuch, 114 N. Y. 51, 20 N. E. 819. The plaintiff also offered evidence as to admissions of the defendant made out of court. These were not only for the purpose of impeaching the defendant's credibility, but were offered for the purpose of affirmatively establishing the plaintiff's case, and were wrongly excluded. The judgment should be reversed on these grounds. The plaintiff has not had a fair trial, even though it is probable that a jury upon a new trial will reach the same conclusion.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.