### LIGHT v. TOLEDO, ST. L. & W. R. CO.

(District Court, N. D. Ohio, W. D.   February 15, 1913.)

No. 2,293.

1. **TRIAL (§ 63\*)—RECEPTION OF EVIDENCE—REBUTTAL.**

Where testimony offered in rebuttal was a substantive part of plaintiff's main case, the fact that as offered it would tend to contradict defendant's evidence, which in turn contradicted the testimony in chief, did not make it competent in rebuttal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 151–153; Dec. Dig. § 63.\*]

2. **TRIAL (§ 62\*)—RECEPTION OF EVIDENCE—REBUTTAL—IMPEACHMENT.**

Impeachment, to be competent in rebuttal, must be something more than a mere contradiction of the same character as the evidence in chief, to which the testimony in defense is offered in contradiction.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 148–150; Dec. Dig. § 62.\*]

3. **TRIAL (§ 63\*)—RECEPTION OF EVIDENCE—REBUTTAL—"INADVERTENT OMISSION"—"UNEXPECTED CONTEST."**

That plaintiff failed to introduce certain witnesses in chief whose testiony was a substantive part of plaintiff's main case, because it was assumed that defendant would call the witnesses, such failure was not an "inadvertent omission," or an "unexpected contest," sufficient to move the court to permit plaintiff to introduce the witnesses in rebuttal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 151–153; Dec. Dig. § 63.\*]

At Law. Action by Maryetta Light, as administratrix, etc., against the Toledo, St. Louis & Western Railroad Company. On motion for new trial. Denied.

A. F. Hanson and James H. Southard, both of Toledo, Ohio, for plaintiff.

Brown, Geddes, Schmettau & Williams, of Toledo, Ohio, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KILLITS, District Judge.   [1] We propose to notice particularly the position of counsel for plaintiff that the court erred in excluding the testimony of the two Pratts, offered by plaintiff in rebuttal.   It is very plain, and in fact not disputed by counsel for plaintiff, as we understand them, that this testimony was competent in chief.   In our judgment, it went beyond the fact of mere competency; it became, considered in the light of the allegations of the petition, a substantive part of the plaintiff's case in chief.   The fact that, as it was offered to be testified to, it would tend to contradict the evidence of the defendant does not make it proper rebuttal under the circumstances, because the testimony which it was offered to contradict was itself contradictory of the testimony in chief.   The authorities cited to us are principally cases in which the court's discretion in admitting testimony in rebuttal, which was competent in chief, was not criticized.

[2] We do not think that there is any soundness in the proposition that this alleged rebuttal testimony was competent by way of impeachment.   Impeachment, to be competent in rebuttal, must be something more than a mere contradiction which is of the same character as the affirmation in chief to which the testimony in defense is offered in contradiction.

The case cited to us from Ankersmit v. Tuch, 114 N. Y. 51, 20 N. E. 819, was a case in which the rebuttal testimony was pure impeachment, and is no authority for the position taken by counsel under the facts of this case.

Wigmore on Evidence, vol. 3, § 1873, says:

"It is perfectly clear that the orderly presentation of each party's case would leave the proponent nothing to do, in his case in rebuttal, except to meet the new facts put in by the opponent in his case in reply.   Everything relevant as part of the case in chief would naturally have been already put in; and a rebuttal is necessary only because, on a plea in denial, new subordinate evidential facts have been offered, or because, on an affirmative plea, its substantive facts have been put forward, or because, on any issue whatever, facts discrediting the proponent's witnesses have been offered."

These three tests, applied successively to plaintiff's offer in this case, show that the evidence in question was not proper in rebuttal.   It does not meet any new, subordinate evidential facts offered by the defendant in denial.   It does not meet any substantive facts offered by the defendant in support of any affirmation in the answer.   It does not meet any facts offered to discredit plaintiff's witnesses.   In the section quoted from Wigmore the learned author proceeds:

"The principle involved is clear.   Moreover, practical disadvantages that would result from abandoning the natural order of evidence are: First, the possible unfairness to an opponent, who has justly supposed that the case in chief was the entire case which he had to meet; and, secondly, the interminable confusion that would be created by an unending alternation of successive fragments of each case which could have been put in at once in the beginning.   Accordingly, it is well settled that, while the occasional difficulty of discrimination, and the frequency of inadvertment omissions and unexpected contests, add emphasis to the general principle of the trial court's discretion, yet the usual rule will exclude all evidence which has not been made necessary by the opponent's case in reply.

The last sentence quoted suggests another criterion. It cannot be said that the testimony offered in rebuttal was made necessary by the defendant's case as attempted to be made in the testimony.

It has been well argued to the court that to hold that this testimony, so competent in chief, must be received in rebuttal would be to hold that there might be, as phrased by Wigmore, an "unending alternation of successive fragments" of testimony.

[3] Neither is there here the excuse of an "inadvertent omission" or an "unexpected contest," each of which circumstances appeal to the favorable exercise of the court's discretion. It was manifest to the court at the time that these witnesses were not used in chief by the plaintiff, because it was assumed by plaintiff's counsel that defendant would use them.

We think that the jury was warranted on the facts of this case to find the verdict that it did, and that no substantial error has occurred to the prejudice of the plaintiff, and the motion for a new trial will therefore be overruled.