Guy, J.
Plaintiff appeals from a judgment in favor of defendant entered on the verdict of a jury in an action brought to recover damages for breach of a contract to sell and deliver merchandise.
By the contract the defendant agreed to sell and deliver to plaintiff twenty-nine pieces of satin crepe; twenty of said pieces were delivered, accepted and paid for; and the action is brought to recover damages for failure to deliver the remaining nine pieces of merchandise called for by the contract.
The answer admitted the contract, denied each and every other allegation of the complaint, and, as a separate defense, alleged delivery of all the merchandise called for by the contract, and that it was ready and willing at all times set forth in said answer to carry out the terms of said contract.
At the trial it appeared that defendant actually delivered to plaintiff about thirty pieces of crepe, of *612 which ten pieces were returned by plaintiff to defendant as defective; and plaintiff’s witness testified that defendant accepted the same, actually replaced and delivered one piece and offered to replace three other pieces. Defendant’s salesman testified on cross-examination that there was no agreement between him and plaintiff that any pieces of merchandise were to be replaced, as claimed by defendant. Another of defendant’s witnesses testified that the merchandise which the plaintiff returned was perfect.
On rebuttal plaintiff proved the receipt of a credit memorandum from the defendant containing the following clause: “ Poor finish 220 203.50.” This memorandum was offered in evidence by plaintiff, but was excluded by the court on the ground that it was not rebuttal, to which ruling an exception was duly taken. The exclusion of the memorandum 'Constituted reversible error, as it clearly tended to impeach the testimony of defendant’s witness that the pieces returned by plaintiff to defendant were perfect.
In Ankersmit v. Tuck, 114 N. Y. 51, the Court of Appeals, in reversing a judgment in favor of defendant on the ground that the evidence offered in rebuttal was improperly excluded, said: " The court at General Term held that the statement made to Bon and others was competent as evidence in chief, and that the plaintiffs, having rested without introducing it, left its subsequent admission discretionary with the trial court, and consequently, that the exception to its exclusion was not well taken. * * * But a party has the right to impeach or discredit the testimony of an opponent, and such evidence is always competent. He may contradict the testimony of a witness as to any matters upon which he has been called to give evidence in chief, provided it is not collateral to the issue.” Again, in Winchell v. Winchell, 100 N. Y. 159, the court, in passing upon the admissibility in rebuttal *613 of like evidence, said: “ The evidence was clearly admissible in rebuttal for the purpose of contradicting the testimony of the defendant to the effect that no payment had been made, and impeaching his credibility.” See, also, Crowley v. See, 63 Misc. Rep. 347.
The judgment must be reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.
Finch and Wagner, JJ., concur.
Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.