JACOB SINGER, PLAINTIFF-APPELLANT, v. CENTRAL RAILROAD OF NEW JERSEY, A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued May 17, 1938—Decided September 16, 1938.

For the plaintiff-appellant, *David I. Stepacoff*.

For the defendant-respondent, *William F. Hanlon*.

The opinion of the court was delivered by

PORTER, J. The action was for damages suffered by the plaintiff in a grade crossing accident. He was driving his automobile truck across an open unguarded crossing, at grade, of the defendant company and was struck by one of its engines. His truck was demolished and he suffered personal injuries. The case was tried in the Supreme Court, Middlesex county, and resulted in a jury verdict in favor of the defendant. From this judgment the plaintiff appeals.

One ground of appeal is that the trial court erroneously excluded evidence offered by the plaintiff in rebuttal.

The engineer of the train, Fred Koch, testified for the defense. On cross-examination he testified that it was not true that his back and shoulders were toward the window of his cab and that he had not seen the plaintiff's truck until a second or two before the engine reached the crossing, but that he was standing in his cab facing the window and was watching the truck approaching the crossing. The plaintiff offered Frank Schuck as a witness to rebut this testimony. He was asked this question: "Mr. Schuck, as the train came along toward the crossing did you see the position of the engineer in the cab?" The question was objected to as not being proper rebuttal. The objection was sustained. In this ruling we think the court fell into error.

What the defense was attempting to prove by the testimony of Koch, the engineer, was that there was contributory negligence on the part of the plaintiff, whom, Koch says, he was observing from his engine cab as he faced the crossing and as the engine and auto were both approaching it, and that while in that position he saw that the plaintiff continued to approach the crossing without slowing down and, in fact, at the same speed that the train was traveling.

The plaintiff sought to rebut this testimony of his own negligent conduct by showing that the engineer could not have seen what he said he had, because his position in the cab at that time would not permit him to do so. This clearly was proper rebuttal and should have been allowed. As has been said, the testimony was objected to on the theory that it was not proper rebuttal, and further, that it was part of the plaintiff's case and should have been put in before he rested. On the contrary, while the plaintiff knew that he was being charged with contributory negligence, he could not anticipate that the engineer would testify as he did. Contributory negligence is an affirmative defense and it is, of course, proper to rebut any testimony offered which tends to prove, as here, that defense.

The testimony of the engineer as to his action and position in the cab was of vital importance and the plaintiff's right to rebut it is predicated on right and justice. The rule is well stated in 64 *C. J.* 152:

"Either party is entitled to introduce evidence to rebut that of his adversary, and for this purpose any competent evidence to explain, repel, counteract, or disprove the adversary's proof is admissible, although it tends to support his case in chief. The fact that it was not then introduced does not make it discretionary with the trial court subsequently to exclude it."

See, also, *Ankersmit* v. *Tuch,* 114 *N. Y.* 51; 20 *N. E. Rep.* 819.

Having concluded that the rejection of this testimony was reversible error renders it unnecessary to consider other grounds urged for reversal.

The judgment under review is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.