HALSEY C. SEGUIN, Appellant, *v.* ROSE BERG, as Administratrix, etc., of LEWIS H. BERG, and JOHANNA BERG, Respondents.

Third Department, July 2, 1940.

*Harold R. Soden,* for the appellant.

*Clifford W. McCormick,* for the respondents.

HEFFERNAN, J.   On January 2, 1938, the automobiles of plaintiff and defendants collided on the State highway connecting Lake Placid and Saranac Lake as a result of which both cars were damaged. Each of the owners of the respective vehicles charged the other with negligence in causing the collision.

Plaintiff instituted this action to recover a money judgment for the damages to his car.   Defendants interposed an answer denying liability and also asserted a counterclaim against plaintiff for the damages to their car.   After a trial of the issues the jury rendered a verdict in favor of defendants on their counterclaim and plaintiff has appealed.

Only a question of law relating to practice is presented for our determination.   In support of his cause of action plaintiff offered his own testimony and that of the mechanic who repaired his car and rested.   At the conclusion of defendants' proof plaintiff called as witnesses three persons — passengers in his car — who saw the collision and sought to obtain their version as to how it occurred. Upon objection of defendants the evidence was excluded on the ground that it was not proper rebuttal.

The proper administration of justice requires some regular method of procedure in the trial of an action.   No rule for the conduct of trials is more familiar than that a plaintiff must put in all his evidence before he rests.   He must exhaust all of his testimony in support of the issue on his side before the proof of his adversary is heard.   The defendant should then produce his evidence, and finally the evidence in rebuttal is received.   (*Marshall* v. *Davies,* 78 N. Y. 414; Richardson on Evidence [5th ed.], § 537.)   Plaintiff cannot put in merely enough evidence to make out a *prima facie* case and reserve the rest to meet the emergency of later needs. He has no right to reopen his case after defendants have closed theirs,

although he may introduce proof in rebuttal. He may not, however, under the guise of rebuttal put in evidence tending to support the allegations of his pleading. Notwithstanding the general rule that a party holding the affirmative is bound to introduce all the evidence on his side before he closes, the trial court in the exercise of its discretion and for sufficient reason may allow a departure from the rule and permit a party to reopen and supply defects in the evidence which have inadvertently occurred. The order of proof may be varied as occasion requires, being a matter resting in the discretion of the trial court.

If we were not dealing with a case involving a counterclaim we would have no hesitancy in sustaining the ruling of the learned trial justice. We are convinced, however, that the decision under review is erroneous. The Civil Practice Act (§ 424) provides that where a defendant interposes a counterclaim and demands an affirmative judgment against the plaintiff the mode of trial of an issue of fact arising thereupon is the same as if it arose in an action brought by defendant against the plaintiff for the cause of action stated in the counterclaim and demanding the same judgment.

In the case before us plaintiff had the right to offer such testimony as he desired in support of his cause of action. It is true that the evidence which he sought to introduce in rebuttal, and which was excluded, would have been competent as part of his affirmative case. He was not obliged, however, to avail himself of it for that purpose. It seems clear to us that he had the right to offer the proof, not to establish his case, but to defeat the cause of action which defendants were asserting against him. The evidence was clearly admissible in rebuttal for the purpose of contradicting the evidence on the part of defendants to the effect that the collision was due solely to plaintiff's negligence. Evidence which would have been proper as part of plaintiff's affirmative case, and which he has no right to introduce as affirmative evidence after the defendants had rested, may still be offered by the plaintiff if it tends to impeach or discredit the testimony of defendants. (*Winchell* v. *Winchell*, 100 N. Y. 159; *Ankersmit* v. *Tuch*, 114 id. 51.) Rebutting evidence " means, not merely evidence which contradicts the witnesses on the opposite side and corroborates those of the party who began, but evidence in denial of some affirmative fact which the answering party has endeavored to prove." (*Marshall* v. *Davies*, *supra*.)

For these reasons we think plaintiff is entitled to have the evidence which was excluded considered by the jury, and hence the judgment and order appealed from should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

HILL, P. J., BLISS and FOSTER, JJ., concur; CRAPSER, J., dissents, and votes to affirm.

Judgment and order reversed on the law and new trial granted, with costs to appellant to abide the event.