■ EUGENE HUTCHINSON et al., Appellants, v ALBERT H. SHAHEEN, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiff appeals from a judgment entered on a verdict in her favor in the amount of $750 in this negligence action. Defendant admitted liability stating that while stopped for a red light behind plaintiff's vehicle he took his foot off the brake of his automobile and his vehicle rolled into the rear of plaintiff's car. Defendant also conceded that plaintiff sustained a whiplash type injury as a result of the impact which involved no medical expense to her. At the time of the accident plaintiff was five months pregnant and the only dispute between the parties was whether certain complications and expenses connected with her pregnancy were causally related to the accident. Central to this issue and the expert medical evidence offered, was a question for the jury of whether plaintiff struck her abdomen at the time of the collision and the state of her health immediately afterwards. Plaintiff alleges that the jury's verdict, implicitly finding for defendant on this question, was against the weight of evidence. We find that only an issue of fact was presented upon which the jury was entitled to find that plaintiff had not sustained her burden of proof. Plaintiff also urges an evidentiary question as ground for reversal. Plaintiff testified that she struck her abdomen in the accident, that she spoke with defendant personally three times during the first week thereafter and that on each such occasion she advised defendant, a doctor and long-time acquaintance, that she was suffering pain in the abdomen as a result of the accident. On her direct case she also attempted to testify that defendant urged her not to report the accident, but that testimony was stricken by the court. On the other hand, defendant testified that he spoke with plaintiff several times by phone the first week after the accident, once or twice during the second week after the accident, and again at the time her child was delivered in the hospital and

that on each occasion plaintiff stated that her condition was good. Plaintiff then attempted to rebut defendant's testimony by resuming the stand after defendant rested his case. Her rebuttal was designed to show that there was no conversation between the parties in the second week after the accident and also to show the bias and hostility of defendant towards the plaintiff because of the possibility that she might report the accident. The court refused to permit the rebuttal testimony. The sequence in which the issues of a lawsuit are tried and the conduct of the trial are matters to be regulated by the trial court (CPLR 4011; *Seguin v Berg*, 260 App Div 284) and it is within the court's discretion to permit rebuttal testimony *(Lisanti v Kenny Co.,* 225 App Div 129, affd 250 NY 621). A party holding the affirmative of an issue is bound to present all the evidence on his side of the case before he closes his proof and may not add to it by the device of rebuttal evidence *(Marshall v Davies,* 78 NY 414). He may not hold back some evidence and then submit it to bolster his case after defendant has rested, for rebuttal evidence is not contradictory or corroborating evidence of facts already presented but "evidence in denial of some affirmative fact which the answering party has endeavored to prove" (p 420). Broadly speaking, defendant has attempted to prove the "affirmative fact" of conversations between the parties during the second week after the accident and plaintiff's rebuttal testimony was designed to disprove the occurrence of those conversations. However, it was the substance of the conversations between the parties and not the time at which they took place which was the material issue in dispute in this trial, and that issue was clearly drawn by the conflicting testimony of the parties in submitting their direct evidence. The proffered rebuttal testimony could not enlighten the jury further and was properly excluded by the court (see *Marshall v Davies, supra).* Plaintiff contends further that the rebuttal testimony should have been received to demonstrate the hostility of the defendant because of his fear that plaintiff would report the accident. The general rule with reference to nonparty witnesses is: "When [the witness] denies [his hostility] absolutely, or, as in the case at bar, admits it with qualifications, the party invoking the rule may properly supplement the denial or qualified admission by giving testimony tending to show affirmative acts or declarations of hostility. This is what the plaintiff's counsel undertook to do when he recalled his client in rebuttal" *(Potter v Browne,* 197 NY 288, 291–292; see, also *People v Webster,* 139 NY 73, 85; *People v Brooks,* 131 NY 321, 325). It has been said that the same rule applies as a matter of right and not discretion with respect to party witnesses (see *Seguin v Berg, supra,* p 286). However, if the court's ruling in this respect was error, it was harmless (see *Flamm v Noble,* 274 App Div 1037). Plaintiff testified extensively about her condition after the accident and her conversations with defendant, and the testimony which she sought to introduce upon resuming the witness stand would have done little to resolve the threshold issue confronting the jury, i.e., which of the adverse parties' conflicting versions of the conversations was to be believed, or to demonstrate hostility or bias to any greater degree than might be presumed by the defendant's position as an adverse party to the lawsuit. (Appeal from judgment of Oneida Supreme Court—automobile negligence.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.