■ RAYMOND ROWELL, Appellant, v WILLIAM J. CALLAHAN, Respondent. [650 NYS2d 568] —In an action to recover damages for dental malpractice, the plaintiff appeals from (1) a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered March 8, 1995, which, upon a jury verdict, *inter alia,* dismissed the complaint, and (2) an order of the same court, dated April 10, 1995, which denied the plaintiff's motion, in effect, to reargue its motion pursuant to CPLR 4404 to set aside the verdict.

Ordered that the appeal from the order dated April 10, 1995, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

CPLR 4011 provides, in pertinent part, that a trial court may regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue. "Clearly, however, speedy disposition of cases should not take precedence over the substantial rights of the litigants" (*Roberts v St. Francis Hosp.,* 96 AD2d 272, 274). Here, the trial court rulings did not deprive the plaintiff of a fair trial.

The question of whether to permit the introduction of rebuttal evidence rests within the sound discretion of the trial court and the court's determination in that regard should not be disturbed on appeal absent a clear abuse or improvident exercise of discretion (*see, Coopersmith v Gold,* 223 AD2d 572). Here, since the plaintiff had already testified regarding the specific medications he was on prior to 1991 and afterwards, the determination by the trial court not to allow the plaintiff to introduce rebuttal evidence was not an improvident exercise of discretion. O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.