Reinoso v New York City Tr. Auth. (2022 NY Slip Op 02242)

Reinoso v New York City Tr. Auth.

2022 NY Slip Op 02242

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Webber, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. 155622/13 Appeal No. 15662 Case No. 2021-01404 

[*1]Lusia Reinoso, Plaintiff-Respondent,
v
The New York City Transit Authority et al., Defendants-Appellants.

Anna J. Ervolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Judgment, Supreme Court, New York County (Paul A. Goetz, J.), entered April 19, 2021, upon a jury verdict, insofar as appealed from as limited by the briefs, awarding plaintiff the principal sum of $5 million for, in effect, future economic loss over 17 years, and bringing up for review a trial ruling that granted plaintiff's application to call a rebuttal witness, unanimously modified, on the facts, to vacate the award for future medical expenses and remand for a new trial on those damages only, unless, within 20 days of service of a copy of this order, with notice of entry, plaintiff stipulates to reduce the award to $3,598,706.20, and otherwise affirmed, without costs.
The trial court providently exercised its discretion in permitting plaintiff to call her treating radiologist as a rebuttal witness (see Rowell v Callahan , 233 AD2d 383, 383 [2d Dept 1996]; Baumis v General Motors Corp. , 106 AD2d 789, 790 [3d Dept 1984], affd 66 NY2d 777 [1985]; Hutchinson v Shaheen , 55 AD2d 833, 834 [4th Dept 1976]; Jerome Prince, Richardson on Evidence § 6-504 [Farrell 11th ed 1995]). While plaintiff's radiologist's testimony could have been offered as part of her case-in-chief, and her failure to offer the testimony at that time deprived her of the right to make use of it as affirmative evidence, she still had the right to offer the testimony in order "to impeach or discredit" the testimony of defendants' expert radiologist (Ankersmit v Tuch , 114 NY 51, 55 [1889]; see Winchell v Winchell , 100 NY 159, 164 [1885] ["evidence was clearly admissible in rebuttal for the purpose of contradicting the testimony of the defendant . . . ."]; O'Shea v Sarro , 106 AD2d 435, 436, 438 [2d Dept 1984] [error to deny the plaintiff's application to recall her treating internist as a rebuttal witness in order "to correct distortions of his testimony and of the medical records, which were relevant to major issues in the case, and which [defense] counsel emphasized repeatedly to the jury"]; see generally People v Harris , 98 NY2d 452, 489 [2002]). Moreover, in civil cases, the trial court has discretion to allow rebuttal testimony that would have more appropriately been adduced as part of a party's case-in-chief (see Harris , 98 NY2d at 489; compare CPLR 4011 with CPL 260.30[7]). This is so even though we reject plaintiff's argument that her treating radiologist technically did not testify as a rebuttal witness since she had not formally rested her case, which claim is clearly belied by counsels' discussion with the court on the record.
The jury's award for future economic loss in the sum of $5 million is excessive to the extent indicated. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022