■ SADIE EISNER et al., Appellants, v. DAITCH CRYSTAL DAIRIES, INC., Respondent.— Judgment, entered on a verdict in favor of defendant on issue of liability, unanimously reversed and vacated, on the law, on the facts and in the interests of justice, and a new trial ordered on said issue, with $50 costs and disbursements to abide the event. It appears that if the plaintiff had been permitted to recall herself, her testimony may have contradicted, impeached or discredited material testimony of defendant's witness, the store manager. Therefore, it was an abuse of discretion for the trial court to deny plaintiffs' right to testify in rebuttal following the close of defendant's case. (See *Ankersmit* v. *Tuch*, 114 N. Y. 51; see, also, 8 Carmody-Wait 2d, New York Practice, § 56:107.) Furthermore, on the record here, there was no justification for the questioning of plaintiffs' counsel by the trial court, in the presence of the jury, as to whether or not there had been a motion made to dismiss the case for failure to prosecute and, when counsel refused to answer the question, for the trial court to state, " I'm not going to force you to answer it and the jury can draw their own conclusions." Plaintiffs' motion for a mistrial, then made, should have been granted. (See *Habenicht* v. *RKO Theatres*, 23 A D 2d 378; *Salzano* v. *City of New York*, 22 A D 2d 656.) Finally, the charge of the trial court with reference to the issues and applicable law appertaining to the alleged negligence of the defendant was inadequate, and this requires a new trial in the interests of justice. (*Poyas* v. *RKO Theatres*, 14 A D 2d 358; *U. S. Vitamin & Pharmaceutical Corp.* v. *Capitol Cold Storage Co.*, 21 A D 2d 661.) Concur — Botein, P. J., Stevens, Eager, Rabin and McNally, JJ.

■ In the Matter of NERI'S CONTINENTAL, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination of State Liquor Authority suspending petitioner's license for 10 days, imposing payment of the penal sum of the bond filed and deferring the suspension for 12 months upon the payment of said sum, unanimously annulled, on the law, with $50 costs and disbursements to petitioner. The improper conduct relied on to bring petitioner within subdivision 14 of rule 36 (9 NYCRR 53.1 [n]) consisted of alleged violations of sections 100 and 102 of the Alcoholic Beverage Control Law. Since the charges that such violations occurred were not sustained, the finding of improper conduct is without basis. (See, also, *Matter of Winfield Flynn, Ltd.* v. *New York State Liq. Auth.*, 23 A D 2d 745.) Concur — Botein, P. J., Stevens, Eager, Tilzer and Rabin, JJ.

■ GERTRUDE GOLIN, Appellant, v. SCOPHYL REALTY CORP. et al., Respondents.— Order entered June 21, 1966, denying appellant's motion for summary judgment, unanimously reversed, on the law and summary judgment granted to appellant, with $50 costs and disbursements to appellant. The defenses raised by respondents are spurious. The steps pursued by appellant herein were all within the scope of the loan agreement. No legitimate challenge is raised either with respect to liability on the note or to computation of the balance due, which is readily ascertainable; thus, there is eliminated any need of an assessment. There being no factual issues, appellant is clearly entitled to the relief requested. Concur — Steuer, J. P., Capozzoli, Tilzer, McNally and McGivern, JJ.