Jones, J.
We are asked to set aside a jury verdict for defendants on the ground that the trial court erroneously permitted defense counsel to conduct an in-court demonstration employing a physical exhibit introduced by plaintiffs and a model introduced by defendants.
While walking home from a high school double date, infant plaintiff was injured when a dual street sign at an intersection fell on his head. It was his claim that the street sign had been dislodged from atop its supporting metal pole when his companion struck the pole with his hand.
On trial, the street sign in question (which had been promptly recovered by the infant plaintiff’s father and thereafter remained in counsel’s custody) was introduced and received as part of plaintiffs’ case. In its turn defendant town offered a model metal pole similar to that on which the sign had been mounted. The model pole was some four feet shorter than the original pole and was imbedded in a movable concrete block rather than in stationary blacktop as at the sidewalk intersection. Plaintiffs objected to any courtroom demonstration making use of the model pole. After inviting the jury’s attention to differences between the model and the original, the court received the model pole as an exhibit and the dual street sign was placed on the pole.
During his direct examination of the Superintendent of the Town’s Sign Bureau, counsel for defendant town struck the model pole sharply with his hand. The sign was not unseated. Plaintiffs’ objection to the particular demonstration was overruled, and without restriction plaintiffs’ counsel proceeded to cross-examination with reference to the installation of the *641 street sign, the physical details of its assembly and the possibilities of its being dislodged when struck by a "human blow”. Without objection the street sign and the model pole were later taken into the juryroom.
In the circumstances of this case we cannot say as a matter of law that there was an abuse of discretion by the trial court. The thrust of plaintiffs’ objection is directed at the subsequent demonstration by defendants’ counsel rather than at the admission of the model pole in evidence. In matters of this sort a broad but sound discretion is properly vested in the trial court. The court here might have been justified in forbidding a demonstration since it can be argued that the conditions in the courtroom were not substantially similar to those at the scene of the accident. On the other hand it was not error as a matter of law for the court, after the demonstration had taken place, to determine that plaintiffs’ legitimate interests could be sufficiently protected by affording plaintiffs’ counsel unrestricted opportunity for cross-examination. By effective exploitation of the dissimilarities between the model and the original it was thus open to counsel to minimize the significance to be attached to the demonstration.
The physical features of the sign assembly as well as the principles of mechanics involved in this demonstration were well within the experience and comprehension of an average juror. Thus its probative worth could be independently weighed by the jurors themselves. Nor was the demonstration deceptive, sensational, disruptive of the trial, or purely conjectural. (See 21 NY Jur, Evidence, § 377, p 504.)
The order of the Appellate Division should be affirmed.