■ ALBERT A. ANTINELLI et al., Respondents-Appellants, v WILLIAM J. TONER, Appellant-Respondent.—Case held, decision reserved and matter remitted to Supreme Court, Ontario County, for further proceedings in accordance with the following memorandum: Plaintiffs claim in this action for an injunction or damages that the operation of heavy trucks and construction equipment on neighboring property, used by the defendant in his paving and snow removal business, creates, *inter alia,* unreasonably loud noises which impair the use of their residential property, and depreciate its

value. After a nonjury trial the court found that a nuisance did in fact exist and enjoined defendant "from starting and revving up the payloaders and backhoes" on his premises, except for snow removal, and from starting the engines of all other equipment prior to 7:00 A.M. Monday through Friday and 9:00 A.M. on Saturday except "for the plowing and removal of snow on his premises or elsewhere". Defendant appeals from this portion of the judgment and from the dismissal of his counterclaim for indemnification in the event that the court granted injunctive relief to plaintiffs. At the trial proof was adduced as to the effect of the noise and dust emanating from defendant's operations on plaintiffs and their properties. With the consent of the parties the court viewed the premises. In addition, as indicated by the parties' stipulation, the Trial Judge directed that "several of [the defendant's] trucks, including two ten-wheelers, be started up and moved about on the site and revved up", and that a payloader and backhoe "be started up and driven around the defendant's premises and that these two also be revved up". The court then listened to the noise generated by this equipment from various locations in plaintiffs' yards. Plaintiffs did not identify any particularly offensive machinery except plaintiff Antinelli testified that "the greatest noise that you hear is when [defendant's employees] tried to take the payloaders and backhoes and put them on the low-bed trailers to move them out of the area". It is clear that the court relied heavily on its own auditory evaluation of the noise generated by defendant's payloaders and backhoes and found "that the starting and revving up of the payloaders and backhoes on the defendant's premises does constitute a nuisance and must be enjoined". While it is true that tests and demonstrations are only relevant if the conditions obtained at the time of the test are substantially similar to those existing at the time in issue *(Uss v Town of Oyster Bay,* 37 NY2d 639; *People v Neupert,* 190 App Div 929; Richardson, Evidence [Prince, 10th ed], § 199), no objection was made to the manner in which the court conducted the demonstration *(Uss v Town of Oyster Bay, supra),* and the issue of its admissibility is, therefore, not preserved for appeal (CPLR 4017, 5501, subd [a], par 3; Siegel, New York Practice, § 530, p 737; 7 Weinstein-Korn-Miller, NY Civ Prac, § 5501.11). Since the question, which was determined by the use of the trial court's sensory perceptions, related to the existence of a particular fact (the level of the noise generated by the equipment), we are compelled to accept the trial court's findings of fact as conclusive as a matter of law *(Haber v Paramount Ice Corp.,* 264 NY 98). As noted above, the court's auditory evaluation focused on three types of conduct: starting, moving, and "revving". In its decision and order the court prohibited two of these acts which it referred to in conjunction: "starting and revving". The parties construe this as a prohibition from maintaining the payloaders and backhoes on the premises. The court made no finding as to whether the mere starting of the equipment constitutes a nuisance. We cannot discern from this record whether "revving" is an incidental element necessary to starting. We interpret the judgment as not prohibiting the mere starting of the equipment. But, in view of the parties' interpretation of the court's decision, additional findings of fact as to the effect on plaintiffs of the starting and of the starting and moving of this equipment on the site must be made. We remit only to enable the Trial Judge to formulate adequate findings. We note that a court of equity has an obligation to go no further than absolutely necessary to protect the rights of the complaining parties *(Russell v Nostrandt Athletic Club,* 240 NY 681; 42 NY Jur, Nuisance, § 57; cf. *Boomer v Atlantic Cement Co.,* 26 NY2d 219). The injunction must be framed as narrowly as possible and if a restriction less burdensome

than an outright ban is reasonable, the less burdensome restriction should be imposed. (Appeals from judgment of Ontario Supreme Court—injunction.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.