■ DEYSI FRIAS, Individually and as Administratrix of the Estate of JOSE E. FRIAS, Deceased, et al., Appellants, v TIMOTHY FANNING et al., Respondents, et al., Defendants. (And a Third-Party Action.)—In a negligence action to recover dam-

ages for wrongful death and conscious pain and suffering, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Scholnick, J.), dated July 23, 1984, as, upon a jury verdict, is in favor of the defendants Timothy Fanning, Fergas Tomlin sued herein as Forlan Fergas and Ansel Productions, Inc., and against them.

Judgment affirmed insofar as appealed from, without costs or disbursements.

The decedent died as a result of injuries sustained in a head-on collision between his bicycle and the defendant Fanning's motorcycle. The evidence adduced at trial established that the defendant Tomlin's van was stopped in the westbound lane of traffic in which the defendant Fanning was traveling, and that the collision occurred as he was attempting to maneuver around the van. There was testimony indicating that the decedent may have been intoxicated that afternoon.

There was conflicting evidence with respect to whether the van was actually and inexcusably double-parked. The issue of whether the decedent was riding his bicycle in the eastbound lane of traffic was also disputed.

Upon rebuttal, the plaintiffs attempted to call as a witness a police officer, who had taken a statement from the defendant Tomlin, admitting that he had been double-parked, for the purpose of impeaching Tomlin's testimony that he was not double-parked, but, rather merely stopped, and to discredit his denial of having made a statement that he was double-parked to the officer. We perceive no abuse of discretion in the trial court's refusal to permit the plaintiffs to call the police officer as a witness. While the plaintiffs' failure to offer such testimony as part of their direct case would not preclude them from presenting it upon rebuttal to contradict, impeach or discredit material testimony of the defendant Tomlin (*Ankersmit v Tuch,* 114 NY 51; *Eisner v Daitch Crystal Dairies,* 27 AD2d 921; *Seguin v Berg,* 260 App Div 284), this ruling cannot be said to have prejudiced a substantial right of the plaintiffs (CPLR 2002), since the defendant Tomlin admitted that his van was stopped in the moving lane of traffic.

Similarly unavailing is the plaintiffs' contention that the trial court's instruction to the jury with respect to Vehicle and Traffic Law § 1234 (a), governing the operation of bicycles, was unsupported by the evidence. The trial court properly allowed the jury to consider a violation of the statute with

respect to the decedent's comparative negligence (see, Martin v Herzog, 228 NY 164; Ortiz v Kinoshita & Co., 30 AD2d 334; PJI 2:25, 2:26), and, while the statute read to the jury was not the one in effect at the time of the accident (see, Curry v New York City Hous. Auth., 77 AD2d 534; PJI 2:26), the wording of the statute in effect at the time of the accident as to the duties imposed upon bicyclists was so similar as to render such error harmless.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Mollen, P. J., Weinstein, Rubin and Spatt, JJ., concur.