(June 16, 1986)

■ LENA ACCARDI et al., Respondents, v CITY OF NEW YORK et al., Appellants.—In an action to recover damages for false arrest, false imprisonment, and assault, (1) the defendants City of New York, Police Department of the City of New York and Rudolph Buchholz appeal, as limited by their brief, from

so much of a judgment of the Supreme Court, Queens County (Le Vine, J.), dated August 14, 1984, as is in favor of the plaintiff Lena Accardi and against them, upon a jury verdict, in the principal amount of $50,000 on her cause of action for malicious prosecution; (2) the defendant Salvatore Accardi, Jr., separately appeals from so much of the same judgment as in favor of the plaintiff Peter Visconti and against him, upon a jury verdict, in the principal amount of $35,000; and (3) the defendant Salvatore Accardi, Jr., appeals from a decision and order (one paper) of the same court, dated August 21, 1984, which denied his motion for an order pursuant to CPLR 4404 setting aside the verdict.

Judgment modified, on the facts and as a matter of discretion, without costs or disbursements, by striking the first decretal paragraph thereof, and granting the defendants City of New York, Police Department of the City of New York, and Rudolph Buchholz a new trial on the issue of damages only, unless within 20 days after service upon the plaintiff Lena Accardi of a copy of the order to be made hereon, with notice of entry, the plaintiff Lena Accardi shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages on the malicious prosecution cause of action to the principal sum of $20,000, and to the entry of an amended judgment accordingly. In the event the plaintiff Accardi so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

Decision and order (one paper) affirmed, without costs or disbursements.

With respect to the plaintiff Lena Accardi, the verdict was excessive to the extent indicated.

With respect to the plaintiff Peter Visconti, the award of damages in his favor and against the defendant Police Officer Salvatore Accardi, Jr., was not unreasonable.

We reject the defendant Accardi's contention that the verdict in favor of the plaintiff Visconti was against the weight of the evidence. Viewing the evidence in the light most favorable to the plaintiff Visconti, as we must, it cannot be said that the verdict in his favor could not be reached on any fair interpretation of the evidence (see, Cohen v Hallmark Cards, 45 NY2d 493; Glick v Hittner & Sons, 111 AD2d 150). The jury was not required to disregard all of the testimony of the witnesses appearing on behalf of the plaintiffs when, apparently, it

disbelieved a part of their testimony; rather, it was free to accept some of the testimony of those witnesses and reject other parts of that testimony (see, PJI 1:22, p 19; see also, Title Guar. & Trust Co. v Pam, 232 NY 441, 454-455; Lee v Smith, 161 Misc 43).

The defendant Accardi's argument that he was deprived of a fair trial because of the misconduct of a juror is unpreserved for appellate review (see, CPLR 4017, 5501; see also, Antinelli v Toner, 74 AD2d 996), and is, in any event, without merit (cf. Alford v Sventek, 53 NY2d 743).

Equally meritless is the defendant Accardi's claim that he was deprived of a fair trial as a result of allegedly prejudicial comments by the plaintiffs' counsel and the trial court. It was permissible to submit to the jury the amount of damages the plaintiffs deemed necessary to adequately compensate them for the wrongs alleged, since the amount suggested fell within the amount that was demanded in the complaint (see, Tate v Colabello, 58 NY2d 84; Vassura v Taylor, 117 AD2d 798). Nor did the comments by the trial court indicate any partiality or bias so as to warrant reversal. A Trial Judge may "assume an active role in the examination of witnesses where proper or necessary * * * to facilitate or expedite the orderly progress of the trial" (People v Ellis, 62 AD2d 469, 470).

Finally, the defendant Accardi's allegations with respect to errors in the court's charge to the jury are unsupported by the record. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.