■ In the Matter of CHEMICAL BANK, Respondent, v ERNEST D. DAVIS et al., Appellants.—In a tax certiorari proceeding challenging the petitioner's 1982 tax assessment, the appeal is from an order of the Supreme Court, Westchester County (Sullivan, J.), dated May 19, 1986, which, after a hearing, denied the appellants' motion to dismiss the petition for lack of personal jurisdiction.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the motion is granted, and the proceeding is dismissed.

The appellants challenge the Supreme Court's finding that sufficient evidence was presented at the hearing to sustain the petitioner's burden of proving by a preponderance of the evidence that the notice of petition and petition challenging the 1982 tax assessment were properly served upon them *(see, Lexington Ins. Co. v Schuyler Bumpers,* 125 AD2d 554; *Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135, 139). The conflicting testimony at the hearing presented an issue of credibility which was primarily for the hearing court to resolve. Its decision in this regard, made with the opportunity to observe the witnesses' demeanor, should not be disturbed if supportable by a fair interpretation of the evidence *(see, e.g., Billings v Southside Hosp.,* 122 AD2d 101, *lv denied* 69 NY2d 604; *Laurence v Hillcrest Gen. Hosp.-GHI Group Health,* 119 AD2d 808; *Feeney v Booth Mem. Med. Center,* 109 AD2d 865). However, we find that the record is wholly inadequate to

sustain the trial court's determination on the issue of personal jurisdiction. Accordingly, we reverse.

At the hearing, Bernadette Flynn, a paralegal in the office of the petitioner's attorney, testified that she had served the 1982 notice of petition and petition by delivering them on August 30, 1982, to a black woman in a striped shirt who was at the counter in the Mount Vernon City Clerk's office. Ms. Flynn claimed that because she had served a petition the year before challenging the petitioner's 1981 assessment, she was familiar with the Clerk's office and with its method of accepting service by stamping the served copy with the Clerk's stamp and noting the person served and the person making service. Notwithstanding her claimed knowledge in this regard, Ms. Flynn testified that the woman served appeared unfamiliar with the method of accepting service, asked another woman in the Clerk's office for assistance and then signed the back of the petition to acknowledge receipt thereof. Ms. Flynn also could offer no reason to explain why the filing date of August 30, 1982, next to the alleged acknowledgment, had been crossed out and the notation "Copy received, August 31" penned in.

Ms. Flynn's credibility is further undermined by her testimony describing the City Clerk, upon whom she served a petition challenging the petitioner's 1981 assessment, as a white woman, approximately 45 years old with dark hair and possibly wearing glasses, when in fact, the City Clerk was a dark-skinned black woman about 65 years of age who wore glasses. The opposing papers indicated that the signature of acknowledgment on the 1982 petition did not belong to any employee of the City Clerk's office. Furthermore, Lucille Gales, a senior typist in the City Clerk's office, testified at the hearing that she was the only black permanent civil servant working in the City Clerk's office in 1982 and no one working in the office would have been instructed to accept service simply by signing the petition.

Based upon our review of the evidence adduced at the hearing, we find the evidence insufficient to support the hearing court's determination that personal service of process was made upon the appellants. Accordingly, we conclude that personal jurisdiction was not acquired over the appellants and the proceeding challenging the 1982 assessment must be dismissed. Thompson, J. P., Bracken, Niehoff and Harwood, JJ., concur.