■ LILA KAHN et al., Appellants, v QUEENS SURFACE TRANSIT CORP. et al., Respondents. [610 NYS2d 71] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Di Tucci, J.), dated March 18, 1992, which, upon a jury verdict finding that the defendants were not at fault in the happening of the accident, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The injured plaintiff fell as she stepped off a bus owned by the defendant Queens Surface Transit Corp. and operated by the defendant Angelo DiConza. She claimed that instead of stopping the bus at the curb, where it normally stopped, the defendant bus driver negligently stopped the bus at a driveway used by Arby's restaurant, which was cut approximately 5 and 3/4 inches lower than the curb thereby increasing the total distance from the bus step to ground level to 10 inches. The injured plaintiff also claimed that the driveway was not a part of the designated bus stop. Two transit employees, who

were also passengers on the bus, disputed the injured plaintiff's claim, and testified that the bus stopped at the curb as usual and not at the driveway.

We find no improvident exercise of discretion in the trial court's refusal to allow a demonstration of the manner in which the injured plaintiff fell, using two wooden steps which had been constructed by the plaintiffs' lawyer, one representing the curb height and the other the additional 5 and 3/4 inch depth of the driveway, to show the difference in height between the curb and the driveway (see generally, Uss v Town of Oyster Bay, 37 NY2d 639).

"[W]hether a jury verdict is against the weight of the evidence is essentially a discretionary and factual determination" (Nicastro v Park, 113 AD2d 129, 132). We find that the jury's verdict finding that the defendants were not negligent was supported by a fair interpretation of the evidence (see, Nicastro v Park, supra). Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.