■ Enrique Herrera et al., Respondents, v V.B. Haulage Corp. et al., Appellants. Vigliotti & Sons, Inc., Third-Party Plaintiff-Appellant, v Sheraton Center Hotel, Third-Party Defendant-Respondent. [613 NYS2d 883] —Judgment, Supreme Court, Bronx County (Bernard Burstein, J.), entered June 2, 1993, in favor of plaintiffs and which structured the payment schedule of said verdict pursuant to CPLR article 50-B, unani-

mously modified on the law and the facts, and the matter remanded for a new trial on the issue of damages only unless plaintiffs, within 20 days of service of a copy of the order herein with notice of entry, stipulate to a reduction in the verdict to the extent of reducing the award for past pain and suffering to $650,000 and the award for future pain and suffering to $250,000, in which event the judgment, as modified, is affirmed, without costs. Appeals from the orders of the same court and Justice entered August 24, 1992 and January 14, 1993, which denied defendants and third-party plaintiff's motion to set aside the jury verdict as excessive, and which structured a payment schedule of the verdict pursuant to CPLR article 50-B, respectively, unanimously dismissed as subsumed by the appeal from the final judgment, without costs.

The trial court properly exercised its discretion in permitting the rebuttal testimony of plaintiffs' expert (see, Saleh v Sears, Roebuck & Co., 119 AD2d 652, 653). It was not until after defendants presented the testimony of their driver, who offered technical testimony to demonstrate the impossibility of plaintiffs' theory of the accident, that it reasonably became apparent to plaintiffs that expert testimony would be necessary. Moreover, said rebuttal testimony did not amount to mere bolstering of plaintiffs' case (cf., Harvin v New York City Tr. Auth., 198 AD2d 401).

Since the record demonstrates that there were only two mutually exclusive theories of liability presented in this case —either that defendant and third-party plaintiff's negligence was the proximate cause of the accident, or that the negligence of the hotel and/or plaintiff was the proximate cause of the accident—and since the hotel was not a defendant in the main action, the third-party complaint against the hotel was appropriately dismissed. There was no evidence to support an apportionment of damages in this case between defendants in the main action and the hotel. Indeed, even if the jury had concluded that the proximate cause of the accident was the negligence of the hotel, the complaint would have had to have been dismissed against defendant and third-party plaintiff, and, in turn, against the third-party defendants.

Finally, we find that the award for past and future pain and suffering materially deviates from what would be reasonable compensation under the circumstances (CPLR 5501 [c]). Said award should be reduced to $650,000 for past pain and suffer-

ing and $250,000 for future pain and suffering. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Rubin, JJ.