■ ROBERT VINCI, Appellant, v FORD MOTOR COMPANY, Respondent. [846 NYS2d 9]—

Judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered August 24, 2005, on a jury verdict in defendant's favor, reversed, on the facts and the law, without costs, the judgment vacated, and the matter remanded for a new trial.

Although the issue of the admissibility of defendant's crash

test video is unquestionably a close call, we conclude that its admission was a proper exercise of discretion despite certain dissimilarities between the accident condition and the conditions under which the test was conducted.

We further conclude, however, that the trial court's refusal to permit plaintiff's expert to testify as a rebuttal witness with respect to the crash test video warrants reversal. Contrary to the trial court's ruling, plaintiff could not have been expected to introduce testimony regarding the video during his expert's direct testimony since the video, a defense exhibit, had not even been admitted into evidence at that point.

The dissent offers no defense of the trial court's ruling but instead notes that the better course would have been to permit plaintiff's expert to testify in rebuttal. The dissent nevertheless declines to direct a new trial because it concludes that plaintiff has not demonstrated that the outcome of the trial would have been different had the testimony been permitted "in light of the extensive cross-examination of the defense experts." However "extensive" those cross-examinations were, the simple fact is that the defense experts did not concede on cross-examination the validity of plaintiff's many objections to the crash test video. Plaintiff's expert, however, would have testified not only about the dissimilarities between the test conditions and those at the time of the accident but also about numerous errors and discrepancies he observed in the video.

Specifically, plaintiff asserts that his expert would have testified that defendant utilized a dummy in the crash test that was designed for frontal impact crashes rather than rear impact crashes and failed to dress the dummy in a winter coat, both of which affected the dummy such that its movement would not mimic that of plaintiff's at the time of the accident. He would have further testified that defendant failed to comply with industry standards requiring that the crash test vehicle be subjected to a frame test prior to the crash test in order to determine the actual measurements of the impact of the crash; that the video revealed that the seat belt did not function properly; that the speed of the vehicle utilized in the test was far less than that claimed by defendant (8.3 miles per hour rather than 12.7 miles per hour); that the timing was off; and that the use of flash timers as opposed to synchronized timers was insufficient.

Only "[b]y effective exploitation of the dissimilarities between the [video] and the [accident]" could plaintiff have minimized the significance to be attached to the crash test video (*Uss v Town of Oyster Bay*, 37 NY2d 639, 641 [1975]). Plaintiff was

deprived of this opportunity, and thus it was an abuse of discretion for the trial court to deny plaintiff the right to present rebuttal testimony on this key issue (*see Eisner v Daitch Crystal Dairies*, 27 AD2d 921 [1967]).

It also was error for the court not to qualify plaintiff's expert as an expert in the three fields in which plaintiff sought to have him qualified, i.e., occupant kinematics, speed determinations and seatbelt mechanics. In the absence of an objection or even voir dire by defendant regarding plaintiff's expert's qualifications, the trial court found that plaintiff's expert was qualified to render opinion testimony only in the area of occupant kinematics. The trial court failed to provide an explanation for its ruling or make clear to plaintiff's counsel at the outset of counsel's examination of the witness that the court was declining to admit the witness as an expert in the additional fields. Although the court subsequently stated that plaintiff failed to establish the witness' expertise in these additional areas, the record reflects otherwise.

The dissent erroneously believes that the court's ruling affected only the *timing* and not the *content* of the expert's testimony. In fact, although plaintiff's expert ultimately did testify on redirect to his speed determinations, the court's ruling completely precluded him from presenting the underlying calculations explaining his speed determinations (*see generally Tamara B. v Pete F.*, 146 AD2d 487 [1989]). Thus, on an important issue, one the dissent does not mention, plaintiff was able to offer only conclusory testimony from his expert. This was a vital issue in the case and defendant was unfairly able to exploit the court's ruling by noting during summation that plaintiff had failed to provide any such calculations.

We note that the court's charge was consistent with the rule that a violation of a regulation or ordinance is only some evidence of negligence (*Elliott v City of New York*, 95 NY2d 730 [2001]). Concur—Williams, Catterson and McGuire, JJ.

Sullivan, J.P., and Buckley, J., dissent in part in a memorandum by Buckley, J., as follows: I agree that the trial court properly exercised its discretion in admitting defendant's crash test reenacting the accident in this products liability case. Evidence of experiments is properly admissible so long as the proponent establishes a substantial similarity between the conditions under which the experiments were conducted and the conditions at the time of the accident, particularly where the opponent has an unrestricted opportunity to cross-examine (*see Styles v General Motors Corp.*, 20 AD3d 338, 339 [2005]). While the test conditions were not identical, there was suf-

ficient similarity to permit the inference that the results of the reenactment—which used the same vehicles with the same seatbelt configurations, based on plaintiff's expert's data and a responsible approximation of what was known about the underlying accident—shed light on what occurred. Plaintiff was given the opportunity for cross-examination to exploit any alleged dissimilarities.

Although the better course would have been to allow plaintiff to recall his expert as a rebuttal witness with respect to the crash test (*see e.g. Herrera v V.B. Haulage Corp.*, 205 AD2d 409, 410 [1994]), I do not believe that plaintiff demonstrated that the outcome of the trial would have been different had the evidence been admitted (*see* CPLR 2002; *Frias v Fanning*, 119 AD2d 796, 797 [1986]), in light of the extensive cross-examination of the defense experts, during which plaintiff's counsel did in fact bring out all the issues which plaintiff claims the expert would have raised. In addition, the witness was not qualified as an expert in the field of accident reconstruction. *Uss v Town of Oyster Bay* (37 NY2d 639 [1975]), relied on by the majority, supports the conclusion that plaintiff's rights were sufficiently protected that the jury verdict should not be disturbed. In *Uss*, the Court held that any harm in allowing certain evidence, in that case an in-court demonstration, was cured by "affording plaintiffs' counsel unrestricted opportunity for cross-examination," by which counsel could make an "effective exploitation of the dissimilarities between the [reconstruction] and the [accident]" and thus "minimize the significance to be attached to the demonstration" (*id.* at 641). In *Eisner v Daitch Crystal Dairies* (27 AD2d 921 [1967]), also cited by the majority, this Court did rule that the trial court should have permitted certain rebuttal testimony; however, the bases for reversal and a new trial were improper statements by the trial court in the presence of the jury and an inadequate jury charge, not the exclusion of the rebuttal witness.

While the trial court declined to admit plaintiff's expert as an expert in the fields of speed determinations and seatbelt mechanics, the expert did ultimately testify with respect to both issues, which plaintiff could exploit in summation, and the fact that he did so on redirect, rather than on direct, did not affect the outcome of the trial.