■ In the Matter of LILLIAN CHEUNG, Appellant, v COMMIS-SIONER, DEPARTMENT OF HOUSING PRESERVATION AND DEVELOP-MENT, et al., Respondents. [33 NYS3d 889]—

Determination of respondent Department of Housing Preservation and Development (HPD), dated January 20, 2015, which, after a hearing, found that petitioner illegally sublet her Mitchell-Lama subsidized apartment, and issued a certificate of eviction in favor of respondent Lindsay Park Housing Corporation, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan B. Lobis, J.], entered May 4, 2015), dismissed, without costs.

Petitioner's claim that the hearing officer erred in failing to dismiss the grounds for termination of her tenancy based on Lindsay Park's inability to prove Cheung's failure to cure, is unpersuasive, as HPD regards illegal subletting to be incurable (*see* 28 RCNY 3-18 [b]; *Matter of O'Quinn v New York City Dept. of Hous. Preserv. & Dev.*, 284 AD2d 211, 212 [1st Dept 2001] [citation omitted]; *Matter of Studley v New York City Dept. of Hous. Preserv. & Dev.*, 277 AD2d 101 [1st Dept 2000]).

Petitioner's due process rights were also adequately protected, as the hearing officer did not improvidently exercise her discretion in allowing the testimony of the rebuttal witnesses whose testimony did not amount to mere bolstering of respon-

dent's case (*see Herrera v V.B. Haulage Corp.*, 205 AD2d 409, 410 [1st Dept 1994]). Moreover, she had the opportunity to cross-examine both rebuttal witnesses and an opportunity to call her own rebuttal witnesses, which she declined to do. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Kahn, JJ.